*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GOLDA D. HARRIS,

        Plaintiff,

v.

N.J. DEP'T OF CORR., et al.,

        Defendants.

Civil Action No. 14-3869 (PGS)

OPINION

**SHERIDAN**, District Judge:

This is a civil action filed by Plaintiff Golda Harris ("Plaintiff") pursuant to 42 U.S.C. § 1983. The Court dismissed Plaintiff's Complaint on November 18, 2014 for failure to state a claim. (ECF No. 7.) Plaintiff thereafter filed an Amended Complaint (ECF No. 8.) The Court must now review the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Amended Complaint will be dismissed without prejudice in its entirety.

**I. BACKGROUND**

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants New Jersey Department of Corrections[1]; Gary Lanigan; Michelle Ricci; Dr. Ralph Woodard; Dr. Sandra Braimbridge; Dominque Ivery; Margaret Cocuzzo; Valerie Arthur; University Correctional

---

[1] The New Jersey Department of Corrections is not a "person" under § 1983. *See Ewing v. Cumberland Cnty.*, No. 09–5432, 2015 WL 1384374, at *25 (D.N.J. Mar. 25, 2015); *Brown v. New Jersey Dep't of Corr.*, No. 12–5069, 2014 WL 4978579, at *2 (D.N.J. Oct. 3, 2014); *Grabow v. S. State Corr. Facility*, 726 F.Supp. 537, 538–39 (D.N.J. 1989) (state department of corrections and state prison facilities are not "persons" under § 1983). Therefore, the Department of Corrections will be dismissed from this action with prejudice.

Health Center; Dan DiBenedetti; Karen Varecous; Margaret Lebak; Linda Hausold; and Gregory Bueno. The following factual allegations are taken from the Amended Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.[2]

Plaintiff alleges that Defendant Lanigan "violated the Terhune Agreement to provide identified inmates with mental health services" and failed to supervise and train his staff. (Am. Compl. ¶ 5.)[3] Plaintiff alleges that Defendant University Correctional Health Center made an "arbitrary decision" to "remove" Plaintiff's cane. (*Id.* at ¶ 5(b).) Plaintiff alleges that Dr. Woodward did not hold a hearing to prevent the removal of Plaintiff's cane. (*Id.*) Plaintiff alleges that Dr. Bainbridge "falsely altered the medical report of 1/8/14" and "provided false compiled medical records to deceive the court that [Plaintiff] used medical devices which were removed for violations and security reasons." (*Id.*) Plaintiff further states that Dr. Bainbridge did not "order pain medication or therapy with a chiropractor or follow up with her own recommendations." (*Id.*)

With regard to Defendants Ivery and Cocuzzo, nurses at New Jersey State Prison, Plaintiff alleges they have no licenses to perform medical acts, yet they "arbitrarily created a false record to exist without a due process hearing or stating in the record 1. who authorized them to remove [Plaintiff's] cane; 2. alter the time [Plaintiff] can use it; 3. state to dlc [sic] cane and for long distance use only; 4. created an arbitrary record to exist without a due process hearing." (*Id.*) Plaintiff

---

[2] The Court notes that Plaintiff's 21-page Amended Complaint, and accompanying 33 pages of exhibits, contain many facts, written in a stream-of-consciousness manner, most of which are conclusory and seemingly unrelated to the crux of Plaintiff's claims. The Court identifies and addresses Plaintiff's claims to the best of its ability.

[3] These exact allegations are also raised against Defendant Lanigan in the Amended Complaint filed in Civil Action No. 13-3806. The Court will address these allegations in the opinion and order screening that Amended Complaint.

2

alleges that Defendant Ricci denied her a due process hearing and acted with deliberate indifference to Plaintiff's medical needs. (*Id.*) Plaintiff alleges that Defendant Arthur failed to provide Plaintiff with her cane for over two years and falsely reported that Plaintiff used her cane as a weapon. (*Id.*) Plaintiff states that Defendant Arthur allows other prisoners to use their canes, but denies cane usage to Plaintiff. (*Id.*) Plaintiff alleges that Defendant Hausold, an executive assistant and legal specialist for Edna Mahon Correctional Facility, "prepared the report and signed Dr. Brainbridge [sic] name." (*Id.*) Plaintiff alleges that this defendant conspired to submit false reports and certifications to the court. (*Id.*) Plaintiff further alleges that Defendant Bueno, a deputy attorney general, conspired with the other defendants to "alter the physical therapist report, changed the report and then proceeded to submit the false and perjured report to the court as a 'Confidential Appendix to Third Party's [sic] of Respondents Department of Corrections.'" (*Id.*) Plaintiff alleges that he denied her a "fair trial and relief by false certifications causing pain and suffing [sic]." (*Id.*) Finally, Plaintiff alleges that Defendants DiBenedetti, Boyd and Lebak, who all work for the Ombudsman's Office, failed to provide Plaintiff with assistance when she contacted them for help. (*Id.*) Plaintiff is seeking an injunction to allow her to use her cane at all times, as well as monetary damages. (*Id.* at ¶ 9.)

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B),  seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect

3

to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[4], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his

---

[4] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

**1. Denial of Hearing**

It appears that Plaintiff is raising a claim for denial of her procedural due process rights based upon the failure of Defendants Ricci, Arthur, Di Benedetti, Boyd and Lebak to provide her with a due process hearing where she could challenge the denial of usage of her cane in the cell. In 2009, the Department of Corrections had found that Plaintiff could use her cane both inside and outside the confines of her cell. *Harris v. New Jersey Dep't of Corr.*, No. A-0130-11T2, 2013 WL 6063249, at *1 (N.J. Super. Ct. App. Div. Nov. 19, 2013). Then, on March 11, 2011, the ADA Coordinator for the Department of Corrections, Division of Operations, wrote in a letter to Plaintiff that on November 15, 2010, a University Correctional Heath Care medical doctor had evaluated Plaintiff and concluded that she no longer required the use of a cane. *Id.* In a second letter, dated June 14, 2011, the Coordinator stated that Plaintiff was evaluated by a medical professional again on April 1, 2011, who concluded that Plaintiff only needed the use of a cane outside of her cell and for long-distance transport. *Id.* On May 7, 2011, Plaintiff submitted an Inmate Remedy System

5

Form (IRSF) to the prison administration, requesting the name of the person who concluded she no longer required in-cell cane use. *Id.* She asserted that she needed her cane at all times and had received no medical evaluation indicating otherwise. On May 16, 2011, the Department of Corrections denied her request and on May 25, 2011, Plaintiff instituted an internal administrative appeal of the denial of the in-cell use of the cane and the failure to provide information on the decision. *Id.* On July 5, 2011, in its final decision, the Department of Corrections replied that Plaintiff was "permitted the cane to and from [her] cell per [medical]," and that she "[could] not retain the cane inside [her] cell, Dr.'s orders." *Id.* Plaintiff appealed to the Appellate Division, which remanded to the Department, stating that

> [w]e are unable to determine if the DOC decision was supported by medical evaluations because the DOC did not provide the evaluations it relied on to Harris or include them in the record. Here, especially where Harris denies the medical evaluations occurred, the record is incomplete without the medical evaluations themselves…On remand, the DOC must provide Harris with a copy of the medical evaluations on November 15, 2010, and April 1, 2011 within fourteen days. We recognize that the last evaluation referenced in the record was two and one-half years ago. If the DOC continues to prohibit Harris the use of her cane in her cell, Harris continues to maintain that the use of her cane in her cell is medically necessary, and no medical evaluations concerning Harris' need for the cane have occurred since the filing of this appeal, the DOC must have Harris reevaluated by a medical professional within thirty days of this decision and provide a copy of the evaluation to Harris within fourteen days. In the event that Harris contests the results of the most current evaluation, she may proceed through the inmate remedy appeal system.

*Id.* at * 2-3.

To the extent Plaintiff is arguing that she was entitled to a hearing pursuant to the prison's internal grievance procedures, Plaintiff has failed to point to any support for that contention. Moreover, the Court notes that prisoners do not have a constitutional right to prison grievance procedures. *See, e.g., Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases). Nor do they have a liberty interest protected by the due process clause in the grievance procedures.

6

*See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause); *Hoover v. Watson*, 886 F.Supp. 410, 418 (D.Del. 1995) *aff'd*, 74 F.3d 1226 (3d Cir.1995) (holding that if a state elects to provide a grievance mechanism, violations of its procedures do not give rise to a § 1983 claim). In any event, Plaintiff was not deprived of any process here. She clearly availed herself of the prison grievance procedures, appealing the decision to deny her usage of her cane in-cell all the way up to the Appellate Division. This claim will be dismissed.

## 2. Medical Care

It appears that Plaintiff is alleging an Eighth Amendment claim for denial of medical care based on the prison's decision not to permit usage of her cane within her cell.

To state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show (1) deliberate indifference by prison officials to (2) the prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). Where prison officials know of the prisoner's serious medical need, deliberate indifference will be found where the official "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). In order to find deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, "[w]here a prisoner has received some medical attention

7

and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *U.S. ex rel. Walker v. Fayette Cnty., Pa.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979) (internal quotation marks omitted). Claims of negligence or medical malpractice do not constitute deliberate indifference. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001).

In this case, Plaintiff alleges that on March 11, 2010, November 18, 2010 and April 1, 2011, various nurses denied her usage of her cane. (Am. Compl. ¶ 5.1.) She also alleges that she has been denied chiropractic services and therapy. (*Id.*) Finally, she alleges that "Defendants" ignored Dr. Braimbridge's December 2013 recommendation for therapy. (*Id.*) Even assuming that Plaintiff has alleged a serious medical need, she has failed to allege sufficient facts under *Iqbal* to show deliberate indifference on the part of any of Defendants.

Plaintiff alleges only that nurses denied her usage of her cane on three occasions, however she fails to provide any further information, such as whether the usage was inside or outside of her cell, who denied the usage, for how long she was denied usage, etc. This claim must be dismissed under *Iqbal*. With regard to the recommendation for chiropractic therapy and services, Plaintiff provides no further information other than to state that she was denied these services. Therefore, this claim must be also dismissed under *Iqbal*. Finally, with regard to the "therapy recommendation" by Dr. Braimbridge in December 2013, the chart notation specifically states: "46 year old female with complaint of difficulties with mobilization and is requesting devices to get around. Please evaluate and recommend therapy." (Am. Compl., Ex. Cra3.) Thereafter, on January 8, 2014, Plaintiff did in fact receive that physical therapy evaluation, where it was determined that Plaintiff should receive railings along the wall in her room and usage a cane for trips outside of her cell. (*Id.* at Cra4.) Certainly, Dr. Braimbridge was not deliberate indifferent

8

since she almost immediately provided the physical therapy evaluation after it was recommended. The fact that she did not agree with Plaintiff's assessment that the cane is necessary does not make her deliberately indifferent. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (mere disagreement as to the proper medical treatment is insufficient to state a constitutional violation). This claim will also be dismissed.

### 3. Conspiracy

Plaintiff alleges that Dr. Braimbridge, Arthur, Hausold and Bueno "conspired to submit false reports to the court." (Am. Compl. ¶¶ 4.1-4.5.) Specifically, it appears that she is arguing that these Defendants submitted false reports to the state court regarding the evaluation for the necessity of the cane inside Plaintiff's cell. At the outset, the Court is unclear as to how these allegation of submitting a "false" report about the cane usage would violate Plaintiff's constitutional rights. Moreover, Plaintiff has provided absolutely no factual basis to support her contention that the report is false. *See Fowler*, 578 F.3d at 210.

Additionally, in order to sufficiently allege a claim of a civil rights conspiracy, the complaint must specifically set forth: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. *See Oatess v. Sobolevitch*, 914 F.2d 428, 431 n. 8 (3d Cir. 1990) (citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir.1988)). The allegations of conspiracy must be grounded firmly in facts; they cannot be conclusory nor can they hinge on bare suspicions and foundationless speculation. *See Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991) (affirming dismissal of conspiracy claims based upon mere suspicion and speculation). Here, Plaintiff does not state any facts which would indicate a conspiracy among the Defendants. Consequently, these claims will be dismissed.

### III. CONCLUSION

9

## III. CONCLUSION

For the reasons stated above, the Amended Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  However, because it is conceivable that Plaintiff may be able to supplement her pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file a second amended complaint.[5]  An appropriate order follows.

Dated:

*[signature]* 6/12/15
Peter G. Sheridan, U.S.D.J.

---

[5] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.*  To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

10